187 So.2d 101 (1966)
Bertha WOSKOFF, Petitioner,
v.
DESTA ENTERPRISES, INC., and Florida Industrial Commission, Respondents.
No. 66-24.
District Court of Appeal of Florida. Third District.
May 31, 1966.
*102 Feldman & Abramson, Miami, for petitioner.
Patrick H. Mears, Tallahassee, Lawrence Kanzer, Miami, for respondents.
Before HENDRY, C.J., and PEARSON and SWANN, JJ.
HENDRY, Chief Judge.
Petitioner seeks review by certiorari of a decision of the Florida Industrial Commission Unemployment Compensation Board of Review affirming an appeals referee's decision which denied benefits upon a determination that the petitioner was guilty of misconduct connected with her work within the meaning of § 443.06, Fla. Stat., F.S.A.
The appeals referee's findings of fact were stated in his report as follows:
"Claimant is seventy-four years of age. She was employed as a fur finisher by employer (-114562) during August 1963. On or about May 10, 1965, claimant was advised that it had become necessary to temporarily place her on a three days per week work basis due to lack of business. At that time claimant requested that she be laid off entirely but the employer emphasized that her services were needed on a three days per week basis and in the event claimant was laid off entirely, it would be necessary that a replacement be hired to fill her position on a three days per week basis. Claimant continued to work thereafter but did not comply with the employer's scheduled hours of work and on various occasions made it known that she felt she should receive greater pay for her services. The employer was closed for business on Monday, May 31, 1965, in observance of Memorial Day, but the employer did not authorize pay for the workers for that day. When claimant received her wages on Wednesday, June 2, 1965, she portested the fact that the employer had not paid wages for the day on which the business was closed in observance of a holiday. When the employer advised the claimant that Memorial Day was not one of the employer's established paid holidays, claimant insisted that the employer had paid her for Memorial Day on prior occasions and she should be paid on this occasion. Claimant became engaged in a dispute with her employer when he did not agree to her demand that she be given pay for this holiday time. When the claimant continued to insist that she be paid regular wages for the holiday time, despite the employer's explanation that no pay had been authorized for this day, claimant was notified that she was terminated from her employment. The employer decided to terminate her services because of her insubordinate demands that she be given holiday pay on a day when holiday pay had not been authorized, her prior attempts to be laid off from work entirely when it became necessary to reduce the workweek due to lack of work and her negligence in failing to comply *103 with the employer's hours of work schedule."
The referee stated that the reasons for his decision were:
"The testimony adduced in the instant case reveals that claimant was discharged from her employment because of her insubordinate demands that she be given holiday pay for a day on which the employer's business was closed in observance of a holiday but no holiday pay had been authorized for that day. No facts have been presented to show that the claimant was entitled to receive the holiday wages which she demanded or that her contract of employment was violated in any manner by the fact that holiday pay had not been authorized for the day on which the employer's business was closed in observance of a holiday. The claimant's insistent demands that she be given holiday pay on this occasion were unreasonable as applied to the average worker. Her actions and course of conduct under the circumstances presented in this case constituted a material breach of her duties and obligations arising out of her contract of employment and such actions were tantamount to an intentional disregard of the employer's interest. Such actions undoubtedly had a tendency to adversely affect the order, service and discipline of the employer's establishment and would otherwise tend to injure the employer's business. Such actions do constitute `misconduct connected with work,' within the meaning of the Law. Accordingly, it should be concluded that claimant did not voluntarily leave her employment without good cause attributable to her employer but was discharged for misconduct connected with her work, within the meaning of the Law."
This court in Spaulding v. Florida Industrial Commission, Fla.App. 1963, 154 So.2d 334, states with approval an interpretation of the Supreme Court of Wisconsin, under a similar statute, of misconduct connected with employment for which an employee has been discharged.[1] This interpretation does include within the meaning of the term "misconduct" conduct which would show an intentional and substantial disregard of the employer's interest. On the other hand, the Wisconsin court found that "mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretions are not to be deemed `misconduct' within the meaning of the statute." As was stated in the Spaulding case above, in determining whether a disqualification has occurred, the statute should be liberally construed in favor of the claimant for whose benefit it exists.
We can not agree that the petitioner's conduct in demanding pay for the Memorial Day holiday was "tantamount to an intentional disregard of the employer's interest." Nor did her conduct at any time manifest such elements as wantonness, culpability or wilfullness with wrongful intent or evil design. In our opinion, petitioner's conduct, though unsatisfactory and evidencing poor judgment was not such as to constitute misconduct within the intended meaning of the term as used in the statute.
Accordingly, the decision under review is quashed and the cause remanded with directions to enter an appropriate order not inconsistent with this opinion.
It is so ordered.
NOTES
[1] Boynton Cab Co. v. Neubeck, 237 Wis. 249, 296 N.W. 636, 640.