326 So.2d 237 (1976)
Barbara L. WILLIAMS, Petitioner,
v.
FLORIDA DEPARTMENT OF COMMERCE, INDUSTRIAL RELATIONS COMMISSION, and Western Electric Company, Respondents.
No. 75-1486.
District Court of Appeal of Florida, Third District.
February 3, 1976.
*238 Linsey Moore, Legal Services of Greater Miami, for petitioner.
Kenneth H. Hart, Jr., Tallahassee, and James R. Parks, Miami, for respondents.
Before PEARSON and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
By petition for certiorari we have for review a decision of the Industrial Relations Commission, reversing a decision of an Appeals Referee which had upheld a determination of a Claims Examiner.
The petitioner, Barbara Williams, employed by the respondent Western Electric Company, suffered an arm injury. The arm was treated and placed in a cast, and she continued working for a period. When the injury failed to heal, she was hospitalized for surgery, which was not performed as scheduled because of a certain condition of blood pressure instability. She was treated by her personal physician for the latter condition, and by an orthopedic surgeon who re-casted the arm and advised surgery when feasible, for relief of her pain. On re-examination by her physician he concluded that her condition still was such that surgery was not presently feasible, and that she should not return to work. She and her physician so informed her employer. The employer made several requests, during the times above mentioned, for the petitioner to submit to examination by the employer's doctor. She did not comply therewith. Because of her failure to do so, the employer notified the employee that she was considered to have resigned.
In upholding the petitioner's claim for unemployment compensation the Appeals Referee held:
"The record and evidence of the instant case clearly show that the claimant did not leave the employment of the employer-appellant of her own accord, but was discharged by the employer, effective May 31, 1974. It has been further shown that this discharge occurred at a time when the claimant was physically unable to work. Although the employer may have been convinced that the claimant had remained off of the job without a justifiable reason, her doctor has executed a certificate of examining physician, showing that she did not become able to work until September, 1974. The claimant's failure to report for duty at a time when she was physically incapable of doing so, did not constitute a material breach of her duties and obligations arising out of the contract of hire. Accordingly, if should be held that the claimant was discharged by the employer-appellant, but not for misconduct connected with her work."
*239 In reversing, the Industrial Relations Commission held the petitioner's claim for benefits should be rejected because the petitioner had refused to comply with the request of the employer to submit to examination by its doctor, and stated: "Claimant may have been physically unable to work but she was not physically unable to see the employer's doctor."
The commission concluded that failure to submit to examination by the employer's doctor constituted misconduct of the employee connected with her work, justifying her discharge.
We cannot agree. The petitioner was entitled to rely on the advice of her physician as to whether her condition was such as to permit her to return to work. There was no showing or indication in the record that the opinion or decision of her physician that she should not return to work was not bona fide, or validly made. We have been shown no law requiring the petitioner to submit to examination by her employer's doctor in such circumstances, and that failure to do so would constitute misconduct depriving her of benefits under the statute. It was error for the commission to hold that her failure to submit to examination by the employer's doctor amounted to misconduct connected with her work and furnished grounds for discharge.
Disqualification for benefits can result from misconduct connected with the work (§ 443.06 Fla. Stat., F.S.A.), but where doubts in that regard are nicely balanced, they are to be resolved in favor of the claimant. See Spaulding v. Florida Industrial Relations Commission, Fla.App. 1963, 154 So.2d 334; Woskoff v. Desta Enterprises, Inc., Fla.App. 1966, 187 So.2d 101.
Certiorari is granted, the decision of the Industrial Relations Commission is quashed, and the decision of the Appeals Referee is reinstated.