372 So.2d 1007 (1979)
CITY OF RIVIERA BEACH, Florida, Appellant,
v.
FLORIDA DEPARTMENT OF COMMERCE, DIVISION OF EMPLOYMENT SECURITY and Winnie L. Simpkins, Appellees.
No. 78-842.
District Court of Appeal of Florida, Fourth District.
July 11, 1979.
Charles W. Musgrove, West Palm Beach, and Allan V. Everard, Riviera Beach, for appellant.
Kenneth H. Hart, Jr., Gen. Counsel, Tallahassee, and Ollie L. Evans, Miami, for appellee-Florida Dept. of Commerce.
Winnie L. Simpkins, in pro. per.
MIETTE K. BURNSTEIN, Associate Judge.
This is an appeal from an Order of the Board of Review, affirming the Department of Commerce Unemployment Compensation Appeals Referee, and allowing Ms. Simpkins unemployment compensation benefits. The Referee held that under the circumstances, Ms. Simpkins' failure to report for work did not constitute misconduct in accordance with Section 443.06 F.S.A.
Ms. Simpkins was employed by the City of Riviera Beach, Florida, as a cashier clerk *1008 in the Utilities Billing Department until March 9, 1977, when she was fired. Although her personnel file indicated that she had, from time to time, been reprimanded for a generally "... uncooperative attitude ...", her dismissal was based upon "... [a]bsence from duty without leave, or failure to report after leave of absence has expired".
The testimony of the utility billing supervisor showed that on February 23, the Appellee, Ms. Simpkins, asked for and got a one week paid vacation from February 28 through March 4. On March 4, she again requested a vacation for another week. She was given two additional days, March 7 and March 8, and instructed by certified mail and verbally by telephone to return to work on March 9. Ms. Simpkins phoned the supervisor for the purpose of yet another extension, but notwithstanding that she did not reach her supervisor, failed to report for work.
Ms. Simpkins excuses her requests for vacation on the basis that she had just adopted a baby and needed some time to "... get adjusted to her". The City, through its personnel director and utilities billing supervisor, justifies its refusal of additional vacation time on the basis that late requests made it difficult to get replacements and otherwise plan for her absence. Additionally, out of the 47 working days immediately preceding March 9, 1977, Ms. Simpkins took 9 days sick leave and 7 days vacation time (all the vacation time to which Ms. Simpkins was entitled).
An employer has a right to expect reasonable work habits from an employee. Continued absenteeism, which hampers the operation of a business, constitutes an intentional disregard of the employer's vital interests, and of the employee's duties, and amounts to misconduct per se, Castillo v. Florida Department of Commerce, 253 So.2d 162 (Fla. 2nd D.C.A. 1971).
This Court, in Citrus Central v. Detwiler, 368 So.2d 81 (Fla. 4th D.C.A. 1979) held that "... flagrant and intentional disobedience to a valid work order by a supervisor on the job should indeed be characterized as misconduct on the job and that the ruling of the Board of Review to the contrary is not in accord with the law".
The Order of the Board of Review is hereby reversed.
LETTS and MOORE, JJ., concur.