SHIVERS, Judge.
Mr. Huggins began working for petitioner as a plant worker or custodian in January of 1974, and was discharged July 18, 1977. Mr. Huggins was absent from work without approved leave on July 15, 1977, in a protest of additional work that had recently been assigned him. The evidence reflects that Mr. Huggins had been previously warned about absenteeism. Petitioner contested the claim for unemployment compensation benefits filed by Mr. Huggins. The first hearing on this issue was held before Referee Acosta, without the petitioner’s presence, on September 22, 1977. Referee Acosta held that claimant was discharged for misconduct, as had the Claims Examiner. The Board of Review, Division of Employment Compensation, held that the first hearing showed that claimant only exhibited poor judgment. The Board of Review granted a second hearing, to provide the employer with an opportunity to be heard. Referee Preston presided at the second hearing on January 27, 1978. Preston made no further finding and the Board of Review awarded benefits.
We reverse. There was competent substantial evidence showing misconduct on the part of claimant. The Board of Review did not comport with the essential requirements of law by substituting its judgment for that of the Claims Examiner and the Appeals Referee. The finding of Appeals Referee Acosta that Mr. Huggins was terminated for misconduct was supported by substantial competent evidence. Mr. Huggins is therefore not entitled to unemployment compensation benefits.
REVERSED. •
MILLS, C. J., and McCORD, J., concur.