410 So.2d 568 (1982)
ALTERMAN TRANSPORT LINES, INC., Employer/Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, Appellee, and Jerry K. Ray, Claimant/Appellee.
No. AB-68.
District Court of Appeal of Florida, First District.
February 11, 1982.
Jesse S. Hogg and Barry Jay Warsch of Hogg, Allen, Ryce, Norton & Blue, Coral Gables, for employer/appellant.
Donna Erlich, Unemployment Appeals Commission, Tallahassee, for appellee.
JOANOS, Judge.
Alterman Transport Lines appeals from a commission order that overturned the findings of an appeals referee and instead found that Ray is entitled to unemployment benefits. We reverse.
Ray, manager at the company's Jacksonville truck terminal, was fired, and he applied for unemployment benefits. At hearing before the referee, Sidney Alterman testified that Ray had used company facilities and employees for his personal business. Ray responded that any such work was done by employees who had their own equipment and were "off the clock." However, Ray admitted that on at least one occasion he directed employees, working on *569 company time, to load decorator stone to be used on his house. He did not comment on testimony by Alterman that he had once ordered a company lease driver to pick up a load of wood from a lumber yard and have it delivered to a home he was building. In general, Ray defended his behavior on the ground that past terminal managers had conducted similar activities, and he had learned from them.
The referee found Ray ineligible for benefits because he was discharged for misconduct connected with his work.[1] He reached this decision after finding that Ray had used company facilities, materials and on-the-clock employees to work on his personal projects. The referee concluded that because a reasonable person would have sought permission for such activities, Ray had demonstrated a "substantial disregard of the employer's interests and of his duties and obligations to his employer."[2]
Ray then appealed to the commission, which reversed even though it agreed that Ray had utilized company employees on his personal projects at the job site. The commission held that Ray's activities could not constitute misconduct within the meaning of the statute[3] because there was insufficient evidence that the conduct actually harmed the employer or that Ray was aware that his activities were contrary to Alterman's rules or policies.
We reverse because without taking further evidence as provided in Section 443.07(4)(c), Florida Statutes (1979), the commission must honor the referee's findings of fact if they are founded on competent, substantial evidence. See Catholic Social Services v. Florida Dept. of Commerce, Board of Review, 365 So.2d 427 (Fla. 1st DCA 1978). When, as here, an employer establishes prima facie evidence of misconduct, the burden shifts to the employee to come forward with proof of the propriety of that conduct. Upon viewing a lifeless record, neither we nor the commission may second-guess the fact-finding wisdom of the referee in determining whether Ray met that burden. See Florida Dept. of Professional Regulation v. Wagner, 405 So.2d 471 (Fla. 1st DCA 1981).
Accordingly, the commission's order is vacated with instructions that the referee's findings and conclusions be reinstated by the commission.
McCORD and SHIVERS, JJ., concur.
NOTES
[1] F.S. 443.06(1) (1979).
[2] F.S. 443.06(9)(b) (1979).
[3] In its order, the commission applied the 1980 amendments to Section 443 even though Ray was fired before their effective date. This variance is immaterial, however, because the relevant corresponding passages are identical.