463 So.2d 1216 (1985)
TALLAHASSEE HOUSING AUTHORITY, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, and Connell Barron, Appellees.
No. BC-126.
District Court of Appeal of Florida, First District.
February 11, 1985.
Paula L. Walborsky and Edgar C. Booth of Booth & Walborsky, and James C. Conner, Jr., Tallahassee, for appellant.
*1217 Janet L. Smith, Tallahassee, for appellee Unemployment Appeals Com'n.
WIGGINTON, Judge.
Appellant, Tallahassee Housing Authority, an employer, appeals an order of the Unemployment Appeals Commission (Commission) reversing a decision of an appeals referee and finding that appellee Barron is entitled to unemployment compensation benefits. We affirm.
Barron was employed by appellant as a painter from 1981 until his termination in January, 1984 for excessive absenteeism. After being denied his claim for unemployment compensation benefits, Barron appealed to a claims referee and was granted an evidentiary hearing in March, 1984. At that hearing, Barron represented himself and appellant was represented by an administrative assistant for appellant who was responsible for maintaining employee time records and attendance sheets.
At the hearing, the only evidence presented by appellant to justify its termination of Barron was the testimony of its administrative assistant together with a summary of the daily attendance logs regarding Barron which the administrative assistant had prepared and to which her testimony was limited. The summary showed that during the year 1983, Barron took ninety-five hours of approved annual leave, eighty-five hours of approved sick leave, and was charged with 118 hours of unapproved leave without pay. However, the summary provided no clue as to any criteria used by appellant in approving or disapproving leave. At the times when most of Barron's leave was not approved, Barron had sufficient accrued vacation and sick leave days to cover the leave taken. Although certain of the entries in the summary allude to reasons for a leave being unapproved, the reasons are not clear nor are they consistent with the fact that other approved leave was taken by appellant for similar reasons. The record contains no evidence that Barron was given any specific warning concerning his excessive absenteeism prior to his notice of a pretermination hearing that was held immediately before his discharge.
Barron was given an opportunity at the hearing before the claims referee to explain or take issue with the entries in the summary, but he was not able to offer specific reasons or disagreement with those entries. He maintains that he had never been confronted with the summary prior to that hearing and was unprepared to contest specific entries therein. Based primarily on the summary, the appeals referee found that competent substantial evidence was presented to show that Barron's absenteeism constituted misconduct under the law; that an employee has a duty and responsibility to report for work as scheduled and to remain on the job during the hours specified by the employer; that an employee's failure to discharge that responsibility constitutes grounds for severing the employer/employee relationship. Thereupon, he determined that Barron was disqualified from receiving benefits.
The commission reversed the appeals referee's decision, concluding that the evidence offered by appellant was insufficient to show misconduct on the part of Barron as there was no showing that absence alone violated any policy of the employer nor that such absences showed an intentional disregard on the part of Barron for the employer's interest so as to constitute misconduct within the meaning of section 443.036(24), Florida Statutes. That statute defines misconduct connected with work as including:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
*1218 The commission went on to find that the summary, relied upon so heavily by appellant and by the appeals referee, was inadmissible evidence on the ground that it was hearsay.
Even accepting the summary as admissible evidence, we affirm the commission's reversal of the appeals referee on the basis of the commission's application of the law to this case. In our view, although excessive absenteeism or tardiness may constitute misconduct which justifies termination of employment and therefore precludes collection of unemployment compensation benefits,[1] an employer has the burden under section 443.036(24), Florida Statutes, to show misconduct with a preponderance of proof that the absences were indeed unexcusable and in detriment to the employer's interests. Compare City of Riviera Beach v. Florida Department of Commerce, 372 So.2d 1007 (Fla. 4th DCA 1979), in which an employee was fired for "`... [a]bsence from duty without leave, or failure to report after leave of absence has expired'." The court reversed an Order of the Board of Review, affirming the Department of Commerce Unemployment Compensation Appeals Referee's decision to allow the employee to collect unemployment compensation benefits. According to the opinion, evidence in the record showed that the employee had received one week of paid vacation, at the expiration of which she requested another week but received only two days and was instructed by certified mail and verbally by telephone to return to work at the end of her approved leave. However, she failed to report for work, explaining that she requested the additional leave due to her need to be with her newly adopted baby. Her employer, the City, presented evidence justifying its refusal of additional vacation time on the basis that late requests made it difficult to get replacements and otherwise plan for her absence. The court stated:
An employer has a right to expect reasonable work habits from an employee. Continued absenteeism, which hampers the operation of a business, constitutes an intentional disregard of the employer's vital interests, and of the employee's duties, and amounts to misconduct per se. Castillo v. Florida Department of Commerce, 253 So.2d 162 (Fla. 2nd D.C.A. 1971).
Unlike the employer in City of Riviera Beach, appellant employer failed to meet its burden in this case. The commission was justified in so finding and in reversing the appeals referee.
AFFIRMED.
WENTWORTH, J., concurs.
THOMPSON, J., dissents with written opinion.
THOMPSON, Judge, dissenting.
I would reverse. During 1983, the year prior to his discharge, the employee took 95 hours of annual leave, 85 hours of sick leave, and was charged with 118 hours of leave without pay for unexcused absences. Thus, based on a 40 hour work week the employee's absences totaled seven weeks and two days, with almost three weeks' absences being unexcused. When the employee applied for unemployment compensation, a claims examiner for the Bureau of Unemployment Compensation determined he was not eligible for benefits due to the fact that he was fired for excessive absenteeism, which continued even after warning and that the employee's actions were not in the employer's best interests and constituted misconduct within the meaning of the law. The employee appealed this decision and after a full hearing de novo the appeals referee found that there was competent substantial evidence to show that the employee was fired for excessive absenteeism; that the employee's absenteeism constituted misconduct under the law; that the employee had a duty and responsibility to report for work as scheduled and to remain on the job during the hours specified by the employer; that the employee's failure to discharge that responsibility constituted *1219 grounds for severing the employer-employee relationship and that the employee should be disqualified from receiving benefits. The employee gave no reasonable explanation for the absences although he had an opportunity to do so to his employer, to the Hearing Officer at the pretermination hearing, to the claims examiner and to the claims referee on appeal. Such unexcused absences are to the detriment of the employer and clearly constitute misconduct on the part of the employee. Sanchez v. Department of Labor & Employment Security, 411 So.2d 313 (Fla. 3d DCA 1982); Florida Junior College at Jacksonville v. Florida Department of Labor, 381 So.2d 1120 (Fla. 1st DCA 1979); City of Riviera Beach v. Florida Department of Commerce, 372 So.2d 1007 (Fla. 4th DCA 1979). In City of Rivera Beach, the court found that continued absenteeism amounts to misconduct per se.
The decision of the appeals referee is supported by competent substantial evidence and I would reverse Commission's order overruling the appeals referee.
NOTES
[1] Sanchez v. Department of Labor, Etc., 411 So.2d 313 (Fla. 3d DCA 1982).