HERSEY, Chief Judge.
The Unemployment Appeals Commission affirmed the decision of an appeals referee disqualifying Goldstein from receiving unemployment compensation benefits for the reason that she had been discharged from her employment for an incident which constituted misconduct connected with her work. Goldstein appeals; we reverse on the basis that there is a lack of evidentiary support for the finding that Goldstein’s activity constituted misconduct.
Goldstein was employed by Ury Kalai, M.D., in January 1984 and was discharged on July 5, 1984. She testified that her primary duties in Dr. Kalai’s office were to perform general clerical work and answer the telephones. The doctor had two other employees, an office manager and a nurse.
Goldstein was initially hired for a full-time position at $300 per week; however, in early June 1984 Dr. Kalai advised all of his employees that “things were very tight” and he was reducing them to a four-day week, with a corresponding cut in pay, beginning July 1. Since Goldstein needed *696 to work full-time, she started looking for another job.
She scheduled and attended an interview in a doctor’s office during her lunch hour on Tuesday, June 26. It lasted no more than twenty minutes. She scheduled another appointment, also at a doctor’s office, during her lunch hour on Friday, June 29, to fill out an application and possibly see the office manager.
She further testified that she developed a sore throat on Wednesday, June 27, which had become sufficiently severe by Thursday evening to necessitate cancelling a standing social engagement. She submitted an affidavit from a friend to that effect. She called in sick on Friday morning, June 29, because she had a “terrible sore throat.” She was entitled to five and one-half sick days and, three months before, had taken one day, also for a sore throat.
She stated that she left her home on June 29 at 11:50 a.m. and returned at 12:30 p.m. Otherwise, she remained at home the entire day. She reported for her scheduled interview at noon and also intended to see her family doctor, whose office was next door to the location of the interview. Upon learning that her family doctor was unavailable, she returned home. Her husband then arranged for a business acquaintance, Dr. Burness, to stop by her house on his way home from the office and examine her. An affidavit signed by Dr. Burness confirmed that he examined claimant at her home on the afternoon of June 29 and found “enlarged nodes and acute redness of her throat.”
Goldstein further testified that she took Tylenol and gargled over the weekend and, feeling somewhat better, returned to work on Monday, July 2. Her throat became worse later in the week, but she continued to report to work.
On July 5 Dr. Kalai fired Goldstein. He stated that since she had been the last one hired, she was the first fired, and also that he had found out she was looking for another job. She wrote Dr. Kalai a letter the next day, in part confirming the reasons for her termination, to which he sent a reply on July 11 detailing several areas of dissatisfaction with her work performance.
Goldstein also made an appointment for July 11 with her regular ENT doctor, Dr. Flintoff, the day after she was fired. She submitted a copy of his report at the hearing which verified her illness and the treatment received.
The appeals referee concluded:
It has ... been shown that the claimant was discharged in part by her employer because she failed to report to work on June 29, 1984. Since the claimant was able to leave her home on personal business on that date, and since she was also able to work the following week with the same sore throat, it must be concluded that the claimant’s illness on June 29, 1984, was not of a disabiling [sic] nature. An unauthorized absence from work for personal reasons not of a critical nature constitutes misconduct within the meaning of the Florida Unemployment Compensation Law. Because the claimant’s discharge occurred in part for a reason constituting misconduct, she should be disqualified from receiving benefits.
The Unemployment Appeals Commission entered an order affirming the decision of the appeals referee.
Section 443.101(l)(a)2, Florida Statutes (1983), provides:
443.101. Disqualification for benefits.— An individual shall be disqualified for benefits:
(l)(a) For the week in which he has voluntarily left his employment without good cause attributable to his employer or in which he has been discharged by his employing unit for misconduct connected with his work, if so found by the division.
The unemployment compensation statute defines “misconduct” as follows:
Misconduct. — “Misconduct” includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
*697 (a) Conduct evincing such willful or wanton disregard of an employer’s interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his employer.
§ 443.036(24), Fla.Stat. (1983).
“In determining whether misconduct has occurred which would disqualify a claimant from receiving unemployment compensation benefits, the statute should be liberally construed in favor of the claimant.” Langley v. Unemployment Appeals Commission, 444 So.2d 518, 520 (Fla. 1st DCA 1984); see also Woskoff v. Desta Enterprises, Inc., 187 So.2d 101 (Fla. 3d DCA 1966). Also, in reviewing the decision of the appeals referee this court must accept her findings of fact and is limited to a determination of whether her decision is supported by substantial competent evidence. Fort Myers Pump and Supply, Inc. v. Fla. Dept. of Labor and Employment Security, 373 So.2d 429 (Fla. 2d DCA 1979).
The referee in the instant case noted that the employer was dissatisfied with certain aspects of Goldstein’s job performance, but found that this did not constitute misconduct, and this part of her findings is not appealed. Misconduct was found, however, because the employee failed to report to work on June 29, 1984, since the referee concluded that her illness on that date “was not of a disabiling [sic] nature,” as evidenced by the fact that she was able to leave her home on personal business and was able to work the. following week although she still had a sore throat.
We conclude that the referee’s finding of misconduct was erroneous, first, because the evidence was legally insufficient to establish that Goldstein’s illness was not sufficiently serious to justify missing a day of work. It does not necessarily follow that because Goldstein was capable of leaving her home for a period of forty minutes, she was capable of working an eight-hour day. This is particularly true where her job duties — specifically, answering the telephone — would tend to increase the discomfort from her illness, a sore throat. Also, although Goldstein did report the following Monday morning when she still had a sore throat, the undisputed evidence is that she rested and took medication over the weekend and was feeling somewhat better the following week.
The second reason the referee’s decision was erroneous is that there was no showing that Goldstein’s absence was unauthorized. She was entitled to five and one-half days’ sick leave, of which she had previously taken only one day. The referee found that Goldstein did in fact have a sore throat on June 29, 1984. The employer failed to meet his burden of showing that the employee’s conduct was unexcusable where no evidence was presented as to his criteria for determining whether an employee’s illness was sufficiently severe to permit her to report out sick. See Tallahassee Housing Authority v. Fla. Unemployment Appeals Commission, 463 So.2d 1216 (Fla. 1st DCA 1985) (employer’s burden to show absence unexcusable not met where no indication of criteria used by employer in approving or disapproving leave); Alterman Transport Lines, Inc. v. Unemployment Appeals Commission, 410 So.2d 568 (Fla. 1st DCA 1982) (employer had burden to show misconduct). In other words, the referee’s implicit finding that Goldstein could only report out sick if her illness was so disabling that she was incapable of leaving her house or of coming in to work the following week is unsupported by substantial competent evidence where there is no indication that the employer required such a severe illness before the employee was permitted to stay home. In so finding, the referee improperly construed the statutory definition of misconduct strictly against the employee, rather than liberally in her favor.
*698 Finally, courts have generally interpreted the statutory definition of misconduct as requiring a willful, intentional disregard of the employer’s standards and interests or negligence of such an extreme nature as to show substantial disregard of the employee’s duties to the employer. See, for example, Sanchez v. Dept. of Labor and Employment Security, 411 So.2d 313 (Fla. 3d DCA 1982) (misconduct justified denial of benefits where during four months’ employment with hospital, employee never worked scheduled forty-hour week, was repeatedly tardy, and took time off work to have elective surgery without prior approval); Fla. Junior College at Jacksonville v. Fla. Dept, of Labor, 381 So.2d 1120 (Fla. 1st DCA 1979) (substantial competent evidence of misconduct found where employee who had been previously warned about absenteeism declined to report to work in order to protest additional work assignment); Fort Myers Pump and Supply, Inc. v. Fla. Dept. of Labor and Employment Security, 373 So.2d 429 (Fla. 2d DCA 1979) (repeated insubordination constitutes misconduct); City of Riviera Beach v. Fla. Dept. of Commerce, 372 So.2d 1007 (Fla. 4th DCA 1979) (misconduct where employee who had taken nine sick days in preceding 47-day period failed to return to work or to telephone following scheduled vacation, contrary to express instructions of employer; continued absenteeism, which hampers business operations, is misconduct per se).
“ ‘On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed ‘misconduct’ within the meaning of the statute.’ ” Fort Myers Pump, 373 So.2d at 431 (emphasis added, citations omitted); Fredericks v. Fla. Dept. of Commerce, 323 So.2d 286 (Fla. 2d DCA 1975). Thus, in Lamb v. Unemployment Appeals Commission, 424 So.2d 197 (Fla. 5th DCA 1983), a finding that an employee’s missing a day of work without calling in constituted misconduct was reversed where he had never previously done this and where he did not call his employer because he was moving to a new residence and his telephone was in transit; in Fredericks, 323 So.2d at 286, a denial of unemployment benefits was reversed where an employee (hotel cook) who had been out sick failed to report to work immediately upon his recovery, but his failure to report was due to a misunderstanding on his part as to whether he was supposed to wait until instructed by his employer to return to work; and in Woskoff v. Desta Enterprises, Inc., 187 So.2d 101 (Fla. 3d DCA 1966), an employee’s failure to strictly comply with the employer’s scheduled hours and her demand that she be paid for working on Memorial Day were found insufficient to constitute misconduct.
Goldstein’s decision not to report to work on a single day, where she had no prior history of excessive absences, and where she was in fact ill although still capable of taking care of a few minutes of personal business, could not reasonably be interpreted as anything more than a good faith error in judgment. It does not rise to the level of deliberate or wanton disregard of her duties or her employer’s interests, particularly where there is no showing that her one-day absence had any deleterious effect on the operation of Dr. Kalai’s office. Although this court has suggested that it may be presumed that excessive absenteeism hampers business operations, 372 So.2d at 1008, that rule does not apply to an isolated single day’s absence.
For the foregoing reasons the order of the Unemployment Appeals Commission affirming the decision of the appeals referee is reversed and this cause is remanded for further appropriate proceedings.
DELL, J., and BARKETT, ROSEMARY, Associate Judge, concur.