483 So.2d 413 (1986)
TALLAHASSEE HOUSING AUTHORITY, Petitioner,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, et al., Respondents.
No. 66663.
Supreme Court of Florida.
January 9, 1986.
Rehearing Denied March 12, 1986.
Paula L. Walborsky of Edgar C. Booth and Paula L. Walborsky, P.A., and James C. Conner, Jr., Tallahassee, for petitioner.
John D. Maher and Janet L. Smith, Tallahassee, for respondents.
Paolo G. Annino and Marc E. Taps, Tallahassee, amicus curiae for Legal Services of North Florida, Inc.
OVERTON, Justice.
This case is before us on petition to review the decision reported as Tallahassee Housing Authority v. Florida Unemployment Commission, 463 So.2d 1216 (Fla. 1st DCA 1985), in which the district court held that an employer that denies an employee's claim for unemployment compensation benefits on the basis of excessive absenteeism must, under section 443.036(24), Florida Statutes (1983), show by a preponderance of proof that the absences were unexcusable and detrimental to the employer's interests.[1] We find conflict with City of Riviera Beach v. Florida Department of Commerce, 372 So.2d 1007 (Fla. 4th DCA 1979). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash the district court's decision and direct that the case be remanded for a new evidentiary hearing.
*414 Respondent Connell Barron was discharged by the petitioner, Tallahassee Housing Authority, and applied for unemployment compensation. The claims adjudicator determined that Barron had been discharged for excessive absenteeism, which constituted misconduct connected with work, and was not entitled to benefits.[2] Barron appealed. At the evidentiary hearing held before a referee, the Housing Authority presented the administrative assistant responsible for maintaining its employee time records and attendance sheets, who testified that she had researched all time cards, daily attendance logs, and payroll record sheets for the calendar year 1983 and compiled a three-page summary of Barron's attendance record. The summary, which was admitted into evidence, showed that Barron took 95 hours of annual leave, 85 hours of sick leave, and an additional 118 hours of leave without pay during 1983. The record of the hearing reflects that Barron was unfamiliar with the summary and unprepared to specifically admit or refute its contents, although he noted that the amount of unapproved leave alleged in the summary seemed excessive. Based on Barron's record of absenteeism as gleaned from the summary, the appeals referee affirmed the claims adjudicator's decision that Barron was not entitled to unemployment compensation benefits.
The Unemployment Appeals Commission reversed. The Commission found that the summary relied on by the referee was inadmissable hearsay evidence and concluded that the record failed to prove that Barron was discharged for misconduct because the Housing Authority made no showing that Barron's absences violated any of the Authority's policies or that such absences showed an intentional disregard on Barron's part for its interests so as to constitute "misconduct" within the meaning of section 443.036(24). In affirming the Commission's reversal of the referee, the district court of appeal rejected the Housing Authority's contention that a showing of continued absenteeism alone is sufficient to justify termination:
[A]lthough excessive absenteeism or tardiness may constitute misconduct which justifies termination of employment and therefore precludes collection of unemployment compensation benefits, an employer has the burden under section 443.036(24), Florida Statutes, to show misconduct with a preponderance of proof that the absences were indeed unexcusable and in detriment to the employer's interests.
463 So.2d at 1218. The Fourth District Court of Appeal, in Riviera Beach, interpreted the statute differently, finding that:
Continued absenteeism ... constitutes an intentional disregard of the employer's vital interests, and of the employee's duties, and amounts to misconduct per se.

372 So.2d at 1008 (citing Castillo v. Florida Department of Commerce, 253 So.2d 162 (Fla. 2d DCA 1972)).
We reject the reasoning of the district court in the instant case. In our view, excessive unauthorized absenteeism presumptively hampers the operation of a business and is inherently detrimental to an employer. We hold, therefore, that a finding of misconduct under section 443.036(24) is justified when an employer presents substantial competent evidence of an employee's excessive unauthorized absenteeism. Once excessive unauthorized absenteeism is established, the burden is on the employee to rebut the presumption that his absenteeism can be characterized as "misconduct" within the meaning of the statute.
Under the circumstances of the instant case, we find that the summary of absences upon which the referee relied in denying Barron's unemployment compensation benefits was erroneously admitted into evidence. Consequently, no substantial competent evidence supports a finding of misconduct under section 443.036(24). Although *415 section 90.956, Florida Statutes (1983), permits the introduction of a summary into evidence when it is impractical to examine the records upon which it is based, that section provides that
[t]he party intending to use such a summary must give timely written notice of his intention to use the summary, proof of which shall be filed with the court, and shall make the summary and the originals or duplicates of the data from which the summary is compiled available for examination or copying, or both, by other parties at a reasonable time and place.
These prerequisites to admission were not met in this case. The Housing Authority contends that Barron "arguably had actual notice of the summary." Such "arguable" notice does not comport with the strict requirement of section 90.956 that timely written notice be given; further, this record contains no evidence that the underlying data from which the summary was compiled was made available to Barron. Further, we find that section 120.58(1)(a), Florida Statutes (1983), is not applicable under the circumstances of this cause.
For the reasons expressed, we quash the district court's decision and direct that the case be remanded for a new evidentiary hearing.
It is so ordered.
BOYD, C.J., and ADKINS, McDONALD, EHRLICH and SHAW, JJ., concur.
NOTES
[1] Section 443.036(24), provides:

"Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
[2] Under section 443.101, Florida Statutes (1983), an individual is disqualified for unemployment compensation benefits when his discharge has been brought about by "misconduct connected with his work."