490 So.2d 961 (1986)
SHERIFF OF MONROE COUNTY, Florida, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION and Alfonso J. Madoz, Appellees.
No. 85-910.
District Court of Appeal of Florida, Third District.
May 13, 1986.
Rehearing Denied July 9, 1986.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Sherryll Martens Dunaj, Miami, for appellant.
Robert D. Shapiro, Miami, John D. Maher, Tallahassee, for appellees.
Before BARKDULL, BASKIN and JORGENSON, JJ.
JORGENSON, Judge.
The Sheriff of Monroe County appeals from a decision of the Unemployment Appeals Commission which affirmed the ruling of the appeals referee that Deputy Madoz was entitled to benefits.
Madoz was fired by the sheriff for misconduct connected with work. He then applied for unemployment benefits. Initially, the Unemployment Compensation Commission claims examiner ruled that Madoz was entitled to receive benefits. However, after the sheriff sent copies of various police reports to him, the claims examiner denied benefits, stating in the notice of determination that Madoz was discharged for "conduct unbecoming a police officer." Madoz appealed. After a hearing, the appeals referee ruled that Madoz was entitled to benefits because the sheriff did not prove that Madoz was discharged for misconduct connected with his work. The Unemployment Appeals Commission affirmed that decision. For the reasons which follow, we reverse.
At the hearing, the sheriff was unfairly caught off guard and prejudiced by the appeals referee's ruling, which was contrary to language in an official pamphlet distributed by the Unemployment Compensation Appeals Office, that he, as the employer, had the burden of proving misconduct by the employee Madoz. Because Madoz was the appellant, the sheriff expected that Madoz would have to prove his case by testifying to the events at issue. When the sheriff was informed that it was his burden of proving misconduct and that Madoz would take the fifth amendment and refuse to testify, the sheriff requested a continuance.
There is nothing in the applicable portion of the Florida Administrative Code (rules 38E-5.01 to -5.27) which states whether it is the employer or the employee who has the burden of proof. To the contrary, the appeals pamphlet, which provides information to those involved in unemployment compensation matters and which was furnished *962 to both parties, states that "[t]he appeal may be dismissed if the person who filed the appeal fails to appear and prosecute the appeal by presenting evidence." (Emphasis added.) In the present case, Madoz was the party who filed the appeal. The sheriff concluded, understandably, that, because Madoz was appealing the claims examiner's decision, Madoz had the burden of showing that he was not discharged for misconduct.
At the time of the hearing, case law was unclear as to whether the burden of proof of misconduct which would disqualify an unemployment compensation claimant from receiving benefits (sec. 443.101(1)(a), Fla. Stat. (1985)) rests upon the employer or the employee. Cases then in existence held that when doubts as to misconduct are nicely balanced, they are to be resolved in favor of the claimant. Williams v. Florida Department of Commerce, Industrial Relations Commission, 326 So.2d 237 (Fla. 3d DCA 1976); see Woskoff v. Desta Enterprises, Inc., 187 So.2d 101 (Fla. 3d DCA 1966); Spaulding v. Florida Industrial Commission, 154 So.2d 334, 339 (Fla. 3d DCA 1963). In Williams, it was the employer who filed the appeal, and it is unclear who filed the appeal in Woskoff and Spaulding. None of those cases dealt with the issue of the burden of proof per se. The only case that did discuss the burden of proof, Alterman Transport Lines, Inc. v. Unemployment Appeals Commission, 410 So.2d 568 (Fla. 1st DCA 1982), states that the employer has the burden of proving misconduct. However, in Alterman, as in Woskoff and Spaulding, there is nothing to indicate which party filed the appeal. The case law in existence at the time of the hearing was not sufficient to put the sheriff on notice that he had the burden of proving misconduct, especially when read in conjunction with the appeals pamphlet.
Both Sears, Roebuck & Co. v. Florida Unemployment Appeals Commission, 463 So.2d 465 (Fla. 2d DCA 1985), and Tallahassee Housing Authority v. Florida Unemployment Appeals Commission, 463 So.2d 1216 (Fla. 1st DCA 1985), were decided after the hearing in this case. The court in Sears, Roebuck & Co. stated that the employer has the burden of proving misconduct. In that case, again, it was the employer who filed the appeal. In Tallahassee Housing Authority, however, even though the employee filed the appeal, the district court stated that the employer had the burden of proving that misconduct existed. Subsequent to the Unemployment Appeals Commission's affirmance of the referee's decision in this case, the Florida supreme court quashed the first district court's opinion in Tallahassee Housing Authority but did not disturb the lower court's conclusion that the burden of proof was on the employer. Tallahassee Housing Authority v. Florida Unemployment Appeals Commission, 483 So.2d 413 (Fla. 1986). Implicit in the supreme court's opinion is that, even if it is the employee who appeals, the burden remains on the employer to prove misconduct.
In addition to the fact that the sheriff was unfairly surprised, nothing in the record indicates that Madoz would have suffered any prejudice by a delay. The hearing which was conducted by telephone could easily have been recessed to give the sheriff some time to contact his witness who could testify as to misconduct on the part of Madoz.
Because the law was unclear at the time of the hearing and because the sheriff was affirmatively misled by the unemployment appeals pamphlet, the appeals referee abused her discretion in refusing to grant the sheriff's request for a continuance. The Unemployment Appeals Commission, therefore, departed from the essential requirements of the law in affirming her decision. See Uniweld Products, Inc. v. Industrial Relations Commission, 277 So.2d 827 (Fla. 4th DCA 1973). We, accordingly, reverse and remand this cause to the appeals referee for another hearing.
Reversed and remanded.
BARKDULL, J., concurs.
*963 BASKIN, Judge (dissenting).
Following a de novo hearing before the appeals referee, the Unemployment Appeals Commission affirmed the determination that Madoz was entitled to receive unemployment benefits. The majority reverses, finding that the Sheriff should have been granted a continuance because he had not understood that the burden of proving employee misconduct rested with him. I find no abuse of discretion in the referee's denial of a continuance and would affirm.
According to the appeal pamphlet, "[t]he [r]eferee will continue a hearing only for good cause... ." Good cause is defined by the pamphlet as "limited to a cause of compelling and necessary nature, not a convenience." Counsel for the Sheriff, by his own admission,[1] was either ignorant of the law or, at best, under a misapprehension as to the law. Neither excuse presents a "cause of a compelling and necessary nature."
The record reveals that prior to the hearing counsel for the Sheriff failed to ascertain the procedures to be followed. The Sheriff did not inquire whether Madoz intended to testify, and did not subpoena Madoz as his witness. Furthermore, the Sheriff refused to disclose the whereabouts of the alleged victim, who would presumably have been able to support the Sheriff's case. It seems clear that counsel for the Sheriff seeks to place responsibility for his lack of advance preparation on the shoulders of others, but I find no basis for affording him an opportunity to retry his case. His lack of preparedness should not inure to his benefit. The majority's willingness to forgive the Sheriff's lack of preparation sets a dangerous precedent.
In determining whether good cause existed for a continuance, the majority erroneously relies on the language in the pamphlet informing the parties of the standard for dismissing an appeal.[2] This section of the pamphlet has no application to the issue before us. We must instead look to the case law which holds that the burden of proving alleged misconduct is on the employer. Tallahassee Housing Authority v. Florida Unemployment Appeals Commission, 483 So.2d 413 (Fla. 1986); Sears, Roebuck & Co. v. Florida Unemployment Appeals Commission, 463 So.2d 465 (Fla. 2d DCA 1985); Alterman Transport Lines, Inc. v. Unemployment Appeals Commission, 410 So.2d 568 (Fla. 1st DCA 1982). Although Tallahassee Housing Authority and Sears, Roebuck & Co. were decided after the hearing in this case, I do not agree with the majority that case law at that time was unclear as to where the burden rested. Alterman, which concludes that the burden of proving misconduct is on the employer, was decided prior to the hearing.
With regard to the other point raised by the appellant and not addressed by the majority, I endorse the conclusion of the appeals referee that hearsay evidence may not be the sole basis for establishing employee misconduct. The Sheriff's case was based on uncorroborated hearsay evidence which is insufficient to establish a prima facie case of misconduct. "Hearsay evidence may be used for the purpose of supplementing or explaining other evidence, but it shall not be sufficient in itself to support a finding of fact unless it would be admissible over objection in civil actions." § 120.58(1)(a), Fla. Stat. (Supp. 1984); Fla. Admin. Code Rule 38E-5.24(4)(d); Spicer v. Metropolitan Dade County, 458 So.2d 792 *964 (Fla. 3d DCA 1984); Campbell v. Central Florida Zoological Society, 432 So.2d 684 (Fla. 5th DCA 1983); Byer v. Florida Real Estate Commission, 380 So.2d 511 (Fla. 3d DCA 1980). Thus, the burden of disproving the employer's allegations never shifted to the employee.
For these reasons, I would affirm.
NOTES
[1] The following interchange took place at the hearing on January 24, 1985, between the appeals referee and J. Richard Collins, counsel for the Sheriff:

COLLINS: ... I will ask that we have a continuance. That it was my understanding of your procedures that the burden was going to be on the claimant.
REFEREE: Okay, I don't under  I don't know where you got that information but I'm not going to grant a postponement based on that, Mr. Collins.
[2] The pamphlet states in pertinent part in paragraph one:

The appeal may be dismissed if the person who filed the appeal fails to appear and prosecute the appeal by presenting evidence. (emphasis supplied)