PETERSON, Chief Judge.
Gregory E. Moore appeals an order of the Unemployment Appeals Commission (UAC) finding that he was not entitled to unemployment compensation benefits. In doing so, the UAC reversed the decision of the appeals referee awarding benefits to Moore. We vacate the order and remand for a new hearing before the appeals referee.
The issue before the appeals referee was whether the employer was justified in terminating Moore because of excessive tar *1305 diness and absenteeism. At the hearing before the referee the employer presented a summary of the dates Moore was late to or absent from work. This exchange took place:
Referee: Alright. So if Mr. Moore disagrees with any of these that he was — any of these days that he was — that this says he was absent or late, could you then show me in your daily log if he was absent or late.
Employer: Yes, sir, I can show you that and I can, you know, if we need to, we can go back to the time sheets.
Referee: Well, I don’t want to do it if we don’t have to, Stewart, okay? It just takes extra time. I’m going to show employer’s exhibit, no. 1 to Mr. Moore.
However, in the referee’s written conclusions of law, the following appears:
The summary of the claimant’s attendance submitted by the employer was not substantiated by time sheets. Therefore the days listed on the summary as late and absent that were not admitted by the claimant carry the weight of hearsay evidence. Hearsay evidence may be used for the purpose of supplementing or explaining other evidence, but it is not sufficient in itself to support a finding of fact unless it would be admissible over objection in civil actions. Section 120.58, Florida Statutes; Florida Administrative Code Rule 38E-5.024(3)(d). Therefore it has not been shown by a preponderance of evidence that claimant willfully or wantonly pursued a course of conduct in violation of his duties and obligations to the employer. Accordingly it is held his discharge was for reasons other than misconduct connected with work.
(Emphasis added).
Perhaps when he prepared his conclusions of law, the appeals referee overlooked his rejection of the need to review time sheets in order to substantiate the summary prepared by the employer. The oversight became critical when he prepared his conclusions of law after the hearing and when the employer’s original time sheets were no longer available to him. Fairness dictates that this error be rectified by holding a new hearing during which the employer may furnish the time sheets in an attempt to document the basis for terminating Moore’s employment.
In Tallahassee Housing Authority v. Florida Unemployment Appeals Commission, 483 So.2d 413, 414 (Fla.1986), our supreme court held that a finding of misconduct is justified “when an employer presents substantial competent evidence of an employee’s excessive, unauthorized absenteeism” and that “[o]nce successive unauthorized absenteeism is established, the burden is on the employee to rebut the presumption that his absenteeism can be characterized as ‘misconduct’ within the meaning of the statute.” The Tallahassee Housing Authority court also found that a summary of the employee’s attendance record was improperly admitted because appropriate notice of its intended use was not provided to the opposing party. On remand, the employer may offer a summary of Moore’s absenteeism and tardiness in an attempt to document the basis for terminating Moore’s employment, but the use of such a summary should comport with the notice requirements of section 90.956, Florida Statutes (1995) and Tallahassee Housing Authority.
ORDER VACATED; REMANDED.
GOSHORN and GRIFFIN, JJ., concur.