715 So.2d 279 (1998)
Timothy MASON, Sr., Appellant,
v.
LOAD KING MANUFACTURING COMPANY, and Unemployment Appeals Commission, Appellees.
No. 97-2754.
District Court of Appeal of Florida, First District.
April 15, 1998.
Rehearing Denied June 2, 1998.
Leatrice Williams Walton, Jacksonville Area Legal Aid, Inc., Jacksonville, for Appellant.
William T. Moore, Tallahassee, for Appellee Unemployment Appeals Commission.
ERVIN, Judge.
Timothy Mason appeals an order of the Unemployment Appeals Commission approving the appeals referee's order denying his claim for unemployment compensation benefits on the ground of misconduct. The referee ruled that although the precipitating cause for Mason's termination from employment was not tantamount to misconduct that would disqualify him from receiving unemployment compensation benefits, the employer could properly deny him benefits based upon the totality of Mason's prior violations of employment policy. We agree and affirm.
Mason worked as a shear operator for the employer, Load King Manufacturing Co., from September 26, 1996, until his discharge for repeated attendance violations on February 13, 1997. The employer has a progressive disciplinary policy which prohibits excessive absenteeism and tardiness. Pursuant to the policy, the employer applies a point system to each employee's attendance record. If, for example, an employee has accumulated a total of 10 points within a 12-month work period, he or she may be subjected to a four-day suspension without pay, or termination as a repeat offender.
As of February 1, 1997, Mason had received 11 points, resulting from numerous absences and late arrivals. Although Load King could have validly terminated him pursuant to company policy, it instead suspended him from work on February 3-4, and warned that his job was in jeopardy. Thereafter, *280 two more events occurred which impacted his employment record. The referee found that Mason had left work before the end of his shift on February 8 because of illness, with the approval of his immediate supervisor, for which he was given one additional point. The referee further found that on the date of his discharge, February 13, Mason reported late for work in that the person with whom he had scheduled transportation to work had failed to pick him up and he was forced to walk.
The referee concluded, based on claimant's employment conduct preceding the final two dates, which she decided were excused, that "claimant's refusal to report to work as scheduled for [other] reasons of a noncompelling nature, evidences a deliberate disregard of his duties and obligations to the employer, and constitutes misconduct connected with work." In reaching her decision, the referee noted that "even if the final incident leading to the discharge was not misconduct," the employer could establish misconduct by showing "accumulated violations over the course of the claimant's employment," relying on C.F. Industries, Inc. v. Long, 364 So.2d 864 (Fla. 2d DCA 1978).
Appellant argues, citing Blumetti v. Unemployment Appeals Commission, 675 So.2d 689 (Fla. 5th DCA 1996), that the referee applied an incorrect test. Because we are of the opinion that the court in Blumetti itself applied the wrong standard, we decline to follow it and, therefore, affirm.
In reversing the Commission's order which had denied Blumetti unemployment compensation benefits on the ground of misconduct, the Fifth District noted that Blumetti had been late six times in June and August and had left once in July without permission. The employer's defense relied primarily upon the facts of claimant's leaving work in July and the final incident in August when Blumetti reported to work three hours late. In regard to the first incident, the court observed that Blumetti had left work with his supervisor's express approval. As to the final incident, Blumetti had worked a graveyard shift, yet was told to return two and one-half hours later to work a full morning shift, which the court considered unreasonable. While admitting that it would have affirmed the denial had Blumetti been terminated for all but the last untimely incident, it concluded that reversal was required because the employer had relied chiefly upon the two additional occurrences which were shown to be excusable. Id. at 690-91.
We cannot agree with the Blumetti decision in that we consider it to have been based on a faulty premise. In rejecting the Commission's argument that an employer is not restricted in considering only the nature of an employee's conduct immediately preceding his or her termination for the purpose of deciding whether misconduct occurred, but that it is appropriate to review the worker's entire employment history, the Blumetti court, citing Tallahassee Housing Authority v. Florida Unemployment Appeals Commission, 483 So.2d 413 (Fla.1986), interpreted section 443.036(26), Florida Statutes (1995),[1] the statutory definition of misconduct, as requiring a showing "by a preponderance of the evidence that the former employee's tardiness was inexcusable and detrimental to the employer's interest." Blumetti, 675 So.2d at 690. The court concluded that a denial of unemployment compensation benefits on the ground of misconduct "necessitates a record and findings of wanton and willful misconduct on the part of the employee as having caused his termination." Id. at 691.
We cannot agree with Blumetti that an employer's burden in establishing misconduct is met only by a showing that the conduct immediately precipitating the employee's termination from employment was inexcusable. We conclude that the employer can independently meet such burden by *281 proof of the worker's entire employment history, which may otherwise be tantamount to misconduct.
Although the Fifth District in Blumetti cited Tallahassee Housing, the supreme court in that case did not approve the test subsequently used in Blumetti to determine whether misconduct was established. In Tallahassee Housing, the supreme court disapproved this court's rejection of the employer's argument that a showing of an employee's absences alone was enough to constitute misconduct. We had heldsimilar to Blumettithat in addition to proof of excessive absences, the employer must establish by a preponderance of the evidence "that the absences were indeed unexcusable and in detriment to the employer's interests." Tallahassee Housing Auth. v. Florida Unemployment Appeals Comm'n, 463 So.2d 1216, 1218 (Fla. 1st DCA 1985). The supreme court emphatically denied that such proof was required, saying:
We reject the reasoning of the district court in the instant case. In our view, excessive unauthorized absenteeism presumptively hampers the operation of a business and is inherently detrimental to an employer. We hold, therefore, that a finding of misconduct under section 443.036(24) is justified when an employer presents substantial competent evidence of an employee's excessive unauthorized absenteeism. Once excessive unauthorized absenteeism is established, the burden is on the employee to rebut the presumption that his absenteeism can be characterized as "misconduct" within the meaning of the statute.
Tallahassee Housing, 483 So.2d at 414.
Although the facts in Tallahassee Housing are superficially different from those at bar, in that the former case involved excessive absences, while those at bar pertain to both absences and tardiness, we conclude the purpose behind the denial of benefits in both instances is the same: to provide a strong message to the public that an employee's consistent failure either to report to work on time or to remain at work during the times scheduled will not be rewarded by the payment of unemployment compensation benefits, because such practice has the effect of hampering "the operation of a business and is inherently detrimental to an employer." Id.
All that was required of the employer in the present case was that it present evidence of the employee's excessive, unexcused absences from work. No further proof of detriment to the employer's interests was necessary in that evidence of an inordinate number of unexcused absences itself creates a presumption of misconduct, which the employee must rebut by producing evidence to the contrary. Because the claimant failed to do so in the proceeding below, the order of denial is
AFFIRMED.
BOOTH, J., concurs.
BENTON, J., concurs in result.
NOTES
[1] Subsection (26) defines misconduct as:

(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.