715 So.2d 323 (1998)
Marie J. WARK, Appellant,
v.
HOME SHOPPING CLUB, INC. and Florida Unemployment Appeals Commission, Appellees.
No. 97-04504.
District Court of Appeal of Florida, Second District.
July 24, 1998.
*324 Marcia B. Larkin, Clearwater, for Appellant.
John P. Cunningham and John E. Dubrule, St. Petersburg, for Appellant.
John D. Maher, Tallahassee, for Appellees.
CASANUEVA, Judge.
Marie J. Wark challenges the denial of unemployment compensation benefits on two grounds. She claims first that it was improper to admit certain documents as business records, and second that the evidence of her alleged wrongdoing did not rise to the level of misconduct necessary to support a denial of benefits. We agree with her on both grounds and reverse the denial of unemployment compensation benefits.
Ms. Wark's employer, the appellee, Home Shopping Club, Inc., discharged Ms. Wark on grounds of excessive absenteeism and tardiness. Ms. Wark appealed the initial denial of unemployment compensation benefits to the referee. Prior to the hearing, the employer submitted documents for consideration. At the hearing, Ms. Wark objected to the admission of the documents as business records. The employer did not appear at the hearing and did not call any witnesses on its behalf. The referee admitted the documents. This was error.
The burden of proof in an employee discharge matter is initially upon the employer to prove misconduct. See Donnell v. University Community Hosp., 705 So.2d 1031 (Fla. 2d DCA 1998). When the employer meets that initial burden, then the employee is required to demonstrate the propriety of her actions. See Donnell; Sheriff of Monroe County v. Unemployment Appeals Comm'n, 490 So.2d 961 (Fla. 3d DCA 1986); Alterman Transport Lines, Inc. v. Unemployment Appeals Comm'n, 410 So.2d 568 (Fla. 1st DCA 1982).
The employer here offered no witness testimony or other competent evidence to support its claim of employee misconduct. Although the employer submitted summaries of its attendance records on Ms. Wark, the purpose of these documents was to prove the truth of the information contained therein. Thus, the documents were clearly hearsay. Hearsay is admissible for limited purposes in an administrative action. It may be admitted to supplement or explain other evidence, but is not sufficient in itself to support a finding unless it would be admissible in a civil action over objection. Section 120.57(1)(c), Florida Statutes (1997). Because these documents were the only evidence presented of Ms. Wark's misconduct, they do not supplement or explain other evidence. Furthermore, because no testimony was presented at the hearing which could establish the predicate necessary to admit the summaries as a business record exception to the hearsay rule, the documents would not be admissible in a civil trial. Thus, the admission of the documents was error. See Tallahassee Hous. Authority v. Florida Unemployment Appeals Comm'n, 483 So.2d 413 (Fla.1986). Due to the employer's failure to submit competent evidence, it failed to meet its burden to prove misconduct. Accordingly, Ms. Wark was entitled to unemployment benefits.
Although the first issue is dispositive of this case, we believe the second issue must also be addressed. Following the erroneous admission of the employer's summaries, Ms. Wark admitted in her testimony to one instance of unexcused absence and one instance of leaving work early. An employee may be denied unemployment compensation benefits if her misconduct meets the standard identified in section 443.036(26), Florida Statutes. Here, these two admitted instances do not evince willful or wanton disregard of the employer's interest so as to support a denial of benefits. See Donnell; Doyle v. Florida Unemployment Appeals Comm'n, 635 So.2d 1028 (Fla. 2d DCA 1994); Fredericks v. Florida Dep't of Commerce, Indus. Relations Commission, 323 So.2d 286 (Fla. 2d DCA 1975); Spaulding v. Florida Indus. Commission, 154 So.2d 334 (Fla. 3d DCA 1963).
We reverse and remand with instructions to award Ms. Wark unemployment benefits.
FRANK, A.C.J., and THREADGILL, J., concur.