PER CURIAM.
The seven-months-pregnant employee had been given written medical instructions to avoid, among other things, strenuous activity. It is doubtful that the record establishes an outright refusal by the employee to perform her assigned duties. Assuming her conduct on December 16, 1997, amounted to a refusal, the employee’s testimony stands unrebutted that the assigned task required strenuous effort, causing physical pain. The refusal was therefore justified, and did not constitute disqualifying misconduct for purposes of the unemployment law. See Cargill, Inc. v. Hill, 503 So.2d 1340 (Fla. 1st DCA 1987); Goldstein v. Kalai, 480 So.2d 695 (Fla. 4th DCA 1985). The Unemployment Appeals Commission correctly awarded benefits to the appellee employee.
The employee has moved for appellate attorney’s fees under paragraph 443.041(2)(b), Florida Statutes (1997). We deny the request because under the statute, *775 counsel fees on appeal are awardable only “if the petition for review or appeal is initiated by the claimant and results in a decision awarding more benefits then did the decision from which appeal was taken.” Id. Because the present appeal was taken by the employer, not the employee/claimant, no appellate attorney's fees are awardable.
Affirmed.