THOMAS, Justice. .
The appellant, Adam Yappa, and his wife, brought an action against the appellee for damages suffered in a collision between their car and appellee's. It was charged that the appellee’s negligence in the operation of his car was the proximate cause of the injuries to the appellant and his wife.
The issues were tried before a jury which returned a verdict for the wife and a verdict against the appellant. Judgment was: entered in favor of the wife and no appeal' was taken to review it, so the appeal we are considering is one by the husband challenging the judgment entered against him.
We have carefully examined the testimony about the collision, the occurrences: immediately preceding it and the physical conditions at the scene immediately afterward.
There was abundant evidence to support a finding that the appellee was negligent and that the wife should recover. The appellant was driving on a through street then the appellee ignored a stop sign and entered the intersection. The appellee testified that his brakes and tires were in excellent condition, and he stated from the witness stand that he did not attempt to stop or even slow down. His car trav-elled two hundred feet after the impact, running through two hedges and coming to rest in the back yard of a residence.
But we are puzzled by the conclusion of the jury that the husband, appellant, should not prevail. Inasmuch as it is plain that appellant was damaged, the verdict must have derived from the theory that he was guilty of contributory negligence, and yet our search of the record has disclosed no sufficient testimony to support the position.
We now detail the circumstances claimed to have shown that the appellant was con-tributorily negligent. It is argued that he saw the defendant’s car “considerably be *601 fore it ever entered the intersection and at a time when his own vehicle was some distance away.” It was testified by the appellant, who would be the only person who could say at what moment he saw the oncoming car, that he observed the lights of a car approaching a stop sign at the entrance into the street he was travel-ling, but there could be no reasonable deduction that in such a situation the driver of. the car on the preferred street could so accurately judge the speed of the oncoming vehicle that he would be negligent if he did not act on a presumption that the other driver would not stop to let the car on his right proceed. - In. other words, it is asserted that appellant was aware of the relative speeds and positions of the two motorcars and was negligent because he continued his course, or as it is stated in the brief, “he can scarcely complain over the jury’s rejection .of his claim that he expected and depended upon the other car to stop.”
The appellant and his wife were talking at the time but it could not be seriously contended that if ‘ a collision occurs, negligence will be indicated if the driver arid his companions are not mute.
The only other element of the evidence that bears upon the contributory negligence charged to the appellant is the speed of his car. Taking the testimony of the appellee alone, without any consideration of the physical facts, we find that he was asked to estimate the rate appellant was going and he answered: “I would like to say about 60 miles an hour. It was traveling at a terrific rate of speed.” . This is the nearest approach in the record to a circumstance establishing contributory negligence. When all the evidence on the point is given a construction favorable to the appellee, it falls short of proving contributory negligence and the answer we have quoted cannot be isolated and held to justify the verdict.
We decide that we must invoke the rule, we have often recognized, that when a verdict is opposed to the manifest weight -of the evidence, it should be set aside and a new trial should be granted. White v. Hughes, 139 Fla. 54, 190 So. 446; Labruzzo v. Atlantic Dredging & Construction Co., Fla., 73 So.2d 228.
The judgment is reversed.
' DREW, C. j!, and fERRELL and BOB-SON, JJ., concur.
SEBRING and ROBERTS, JJ., dissent.
THORNAL, J., not participating.