101 So.2d 890 (1958)
FLORIDA INDUSTRIAL COMMISSION, Appellant,
v.
Robert M. NORDIN, Appellee.
No. A-120.
District Court of Appeal of Florida. First District.
April 8, 1958.
Rehearing Denied April 29, 1958.
*891 Burnis T. Coleman, Tallahassee, for appellant.
Robertson, McLeod & Spooner, Coral Gables, for appellee.
CARROLL, DONALD K., Judge.
This is an appeal by the Florida Industrial Commission from an order of the Circuit Court of Leon County reversing an order of the Commission which had found that appellee was liable for the payment of taxes under the Florida Unemployment Compensation Law (Chapter 443, Florida Statutes, 1955, F.S.A.).
The appellee is an architect and a licensed general contractor, engaged individually in the construction business and with two other individuals in an alleged joint venture to construct a house for sale. The Industrial Commission, upon the recommendation of its status section and a duly appointed special deputy, who held hearings and took testimony, determined that the employees of the alleged joint venture were in fact employed by the appellee and as such were sufficient numerically to make the appellee employing unit an "employer" under the Florida Unemployment Compensation Law.
The Circuit Court in its order recognized that there was evidence in the record to sustain the Commission's findings but held that the weight of the evidence was to the contrary.
Section 443.15(2) (a) Florida Statutes, 1955, F.S.A., provides that judicial review of any determination of an order entered by the Commission with reference to the status of an employer shall proceed in the same manner as provided for a review of decisions of the Board of Review under Section 443.07(4) (c).
Section 443.07(4) (c) provides that a proceeding for judicial review of an order entered by the Board of Review shall be initiated pursuant to paragraph (e) of that subsection.
Section 443.07(4) (e), dealing with judicial review of orders entered by the Board of Review, provides that: "In any proceeding under this subsection the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive and the jurisdiction of said court shall be confined to questions of law."
We have examined the record and find that there is competent substantial evidence to support the findings of the Commission. This being the case, the fact that there was evidence which would lead to a different conclusion is of no import. Sections 443.15 *892 and 443.07(4) (e) (2), Florida Statutes, 1955, F.S.A. See United States Casualty Co. v. Maryland Cas. Co., Fla., 55 So.2d 741; Sonny Boy's Fruit Co. v. Compton, Fla., 46 So.2d 17; Florida Industrial Commission v. Ciarlante, Fla., 84 So.2d 1; and De Groot v. Sheffield, Fla., 95 So.2d 912.
Even a jury verdict that is contrary to the manifest weight and probative force of the evidence and the justice of the cause may be set aside by an appellate court. See Ruth v. Sorenson, Fla. 1958, ___ So.2d ___; Yappa v. Bennett, Fla. 1955, 80 So.2d 600; Labruzzo v. Atlantic Dredging & Const. Co., Fla. 1954, 73 So.2d 228, 229; Renuart Lumber Yards, Inc., v. Levine, Fla. 1950, 49 So.2d 97.
It seems to us to be equally, if not more, essential that an appellate court have this same power with reference to the findings of an administrative body like that in the present case, even in the light of a provision such as that quoted above. Otherwise the courts would be helpless to see that justice, the administration of which under our system is lodged primarily in our courts, is guaranteed to all our citizens.
Reviewing the record in the present case from this point of view, we cannot say that the manifest weight and probative force of the evidence before the Commission and the justice of the cause were so contrary to its findings as to require a reversal of the Commission's order.
Whether the "substantial evidence" rule or the "manifest weight and probative force of the evidence and the justice of the cause" rule is applied here, the result is the same. This is naturally so, for the two rules, in quintessence, are, we think, practically the same. The Supreme Court of Florida has defined "substantial evidence" to mean such evidence as a reasonable man would accept as adequate to support a conclusion. De Groot v. Sheffield, Fla. 1957, 95 So.2d 912. In applying the second rule to reverse a finding the court is really saying that the manifest weight and probative force of the evidence and the justice of the cause are such that a reasonable man could not accept such evidence to support the conclusion in the finding reversed.
Accordingly the order of the Circuit Court should be and it is hereby reversed.
Reversed.
STURGIS, C.J., and WIGGINTON, J., concur.