429 So.2d 364 (1983)
Loretta SUMLAR, Appellant,
v.
INTERMODAL SERVICES, INC. and Department of Labor and Employment Security, State of Florida, Unemployment Appeals Commission, Appellees.
No. AN-322.
District Court of Appeal of Florida, First District.
March 11, 1983.
Rehearing Denied April 26, 1983.
*365 Anne L. Swerlick, Jacksonville, for appellant.
John P. Booth and John D. Maher, Jacksonville, for Unemployment Appeals Com'n, appellee.
WENTWORTH, Judge.
The factual finding adopted by the appellee Commission in this case was that "claimant was discharged ... for, among other things in her performance, excessive tardiness... . The claimant had been given specific warnings that her tardiness ... could result in ... termination... ."[1] The conclusion was that such continued failure showed a "disregard of the employer's interests" within the applicable definition of misconduct warranting disqualification for benefits under Chapter 443, Florida Statutes, although additional evidence of other incidents of poor work performance did not show willfulness. We affirm.
Appellant asserts lack of competent substantial evidence for the quoted finding, and insufficient specificity in the notice by which she was apprised that discharge was for failure to properly perform work without specifying tardiness, although referenced rules defined misconduct to include that aspect of performance. We are not persuaded by appellant's argument that the specific reference to poor work performance was misleading in the circumstances presented. Instead, that terminology should in our opinion be construed to encompass absenteeism of the character in question.
On the evidentiary issue, the order is sustained by direct testimony that lack of attendance was one cause for discharge, together with ample documentary substantiation on that point. Although the employer witness speculated that "she'd probably still have her job" if other "mix-ups" in her work had not occurred, we conclude that such explanation did not alter the testimony relating the ultimate discharge to appellant's absences and prejudice to her work performance from persistent tardiness at critical times.
Affirmed.
SHIVERS, J., concurs.
JOANOS, J., dissents with opinion.
JOANOS, Judge, dissenting.
I would reverse the final order of the Unemployment Appeals Commission, which affirmed the order of the appeals referee finding that appellant was discharged from her job for misconduct in the form of excessive tardiness. A reading of the record as a whole indicates that this finding is not supported by competent substantial evidence.
The record shows appellant had experienced attendance problems and had been spoken to about them. On questioning by the appeals referee, a representative of the employer, Mr. Campbell, did say that attendance was one of the reasons for her discharge, among other things. However, the record also indicates Mr. Campbell said that the last warning as to tardiness occurred a month before appellant was discharged and after that, although she came in late five or six times, appellant was not spoken to again about the problem or warned that her job was in jeopardy due to tardiness. It is clear that the actual reason for appellant's discharge was her mishandling of customer traffic, which the appeals referee determined was not misconduct which would disqualify her from receiving unemployment compensation benefits. Various prehearing documents included in the record indicate the reason given for discharging Sumlar was her failure to follow instructions, violations of company procedures, and poor customer relations. Campbell, who actually terminated appellant, was asked what occurred the day of Sumlar's discharge to cause her termination, and he explained he had received a letter from the division manager of Southern *366 Railway, with attached letters from customers, complaining about misnotification as to three shipments. Campbell stated the letter complaining about appellant's handling of customers "topped it off" and if he had not gotten this information, she would probably still have her job. Mr. Rodriquez, another representative of employer, replied affirmatively when asked if the final reason for Sumlar's discharge was the customer complaint.
NOTES
[1] Emphasis supplied.