PER CURIAM.
Appellant seeks reversal of an order of the Unemployment Appeals Commission, which affirmed the findings of an appeals referee that appellant was not entitled to unemployment compensation benefits.
After fully considering the points on appeal suggested by appellant, we hold none demonstrates reversible error.
This brief opinion is prompted by the suggestion in appellee Publix’s brief that some uncertainty exists among the unemployment compensation referees over whether they are required to consider the evidence adduced at a prior continued hear *1000 ing in arriving at their ultimate decisions. The question arose in this case as a result of multiple hearings held by two different referees. The first hearing commenced on September 3, 1981, before Referee O’Donnell, but was continued to October 1, 1981, without any testimony being taken. On October 1, 1981, evidence was adduced before Referee O’Donnell. At appellant’s request that hearing was continued and the matter reset for November 19, 1981. On that date, the final hearing was held before Referee Lynch. At the hearing, Referee Lynch stated that he would not listen to tapes of the prior hearings before Referee O’Donnell and consider that evidence. Appellant contends that this action is improper and we agree. The mere fact that some of the evidence was presented to another referee does not render it any less a part of the record upon which the referee must make his decision. However, in this case, the error is harmless because the evidence adduced before O’Donnell was cumulative of the evidence heard by Lynch. In fact, the witnesses were the same with one exception of no consequence because that testimony was either irrelevant or on a point conceded by the appellees.
Finding no reversible error demonstrated, we affirm the order appealed from.
DOWNEY, BERANEK and GLICK-STEIN, JJ., concur.