PER CURIAM.
In this case, there is certainly more than one side of the story. Yet, an appellate court is unable to determine which story is correct. Therefore, the law provides for a fact-finder to determine the facts.
Here, the appeals referee was the fact-finder and was privileged to weigh and reject conflicting evidence. Ritenour v. Unemployment Appeals Comm’n, 570 So.2d 1106 (Fla. 5th DCA 1990); McCray v. Department of Healty & Rehabilitative Servs., 384 So.2d 980 (Fla. 3d DCA 1980). Therefore, because there is substantial, competent evidence to support the fact-finder’s determinations, we are bound by law to uphold them. Florida Indus. Comm’n v. Nordin, 101 So.2d 890 (Fla. 1st DCA 1958).
Once the facts are resolved, we must next focus on the application of the facts to the law. Because the Unemployment Appeals Commission properly applied the facts to the law, we affirm its decision. State ex rel. Biscayne Kennel Club v. Board of Business Regulation, 276 So.2d 823 (Fla.1973).
Affirmed.