680 So.2d 599 (1996)
Paul M. MARTINSON, Appellant,
v.
BREIT'S TOWER SERVICE, INC., and Florida Unemployment Appeals Commission, Appellees.
No. 95-2574.
District Court of Appeal of Florida, Third District.
September 25, 1996.
Paul M. Martinson, in pro per.
John D. Maher, Tallahassee, for appellees.
Before NESBITT, FLETCHER and SHEVIN, JJ.
PER CURIAM.
Mr. Martinson appeals an order of the Florida Unemployment Appeals Commission affirming the referee's decision denying him benefits. We affirm.
Mr. Martinson worked at Breit's Tower Service, Inc., as a vice-president and steeplejack. He was fired and applied for unemployment compensation benefits. The appeals referee denied him benefits, finding that he frequently arrived late for work despite prior warnings and concluding that such tardiness constituted misconduct. The Commission affirmed the decision, finding that the decision was in accord with the essential requirements of law.
"[A] reviewing court must defer to an agency's interpretation of an operable statute as long as that interpretation is consistent with legislative intent and is supported by substantial, competent evidence." Public Employees Relations Comm'n v. Dade County Police Benevolent Ass'n, 467 So.2d 987, 989 (Fla.1985); Dominguez v. Florida Unemployment Appeals Comm'n, *600 679 So.2d 835 (Fla. 3d DCA 1996). The referee's findings of fact are supported by substantial, competent evidence.[1] The record contains testimony that Mr. Martinson was tardy, that he received warnings for his tardiness, and that his late arrivals negatively affected the business' operations. In addition, Mr. Martinson admitted that he was late for work on several occasions. An employee's unauthorized and repeated failure to arrive timely at work despite warnings may constitute misconduct justifying denial of benefits. See Sanchez v. Department of Labor & Employment Sec., 411 So.2d 313 (Fla. 3d DCA 1982). See also Tallahassee Housing Auth. v. Florida Unemployment Appeals Comm'n, 483 So.2d 413 (Fla.1986); Sumlar v. Intermodal Servs., Inc., 429 So.2d 364 (Fla. 1st DCA 1983). Therefore, the Commission properly affirmed the referee's decision. See Heifetz v. Department of Business Regulation, 475 So.2d 1277 (Fla. 1st DCA 1985). Accordingly, we affirm the Commission's order.
Affirmed.
NOTES
[1] Mr. Martinson's alleged failure to receive timely the employees' individual statements was harmless, as the employees' statements were merely cumulative to the employer's statement. See Murray v. Publix, 434 So.2d 999 (Fla. 4th DCA 1983).