PER CURIAM.
We affirm the order of the unemployment appeals commission denying employment benefits to appellant. Appellant was terminated for excessive absenteeism and for failing to give proper notice of nonattendance. These grounds were supported by testimony given before the referee. At the hearing, appellant contended that his psychological problems caused attendance failure, yet he never advised his supervisor of his problems, and the referee found that any problems he had did not excuse his failure to give his employer notice of his absences. We agree with Florida Indus. Comm’n v. Nordin, 101 So.2d 890 (Fla. 1st DCA 1958) as to the assessment of a case of conflicting evidence on appeal:
[w]e have examined the record and find that there is competent substantial evidence to support the findings of the Commission. This being the case, the fact that there was evidence which would lead to a different conclusion is of no import.
101 So.2d at 891. It is for the referee as finder of fact to weigh conflicting evidence. See San Roman v. Unemployment Appeals Comm’n, 711 So.2d 93, 95 (Fla. 4th DCA 1998).
Secondly, a finding of misconduct is justified under section 443.086(26), Florida Statutes (1997), when the employer presents evidence of excessive unauthorized absenteeism. See also Tallahassee Housing Authority v. Florida Unemployment Appeals Comm’n, 483 So.2d 413, 414 (Fla. 1986); Thurber v. Hillier & Wanless, P.A., 642 So.2d 75 (Fla. 4th DCA 1994).
Affirmed.
WARNER, C.J., STONE and STEVENSON, JJ., concur.