768 So.2d 1218 (2000)
James C. MILLER, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION and Range Systems Engineering Support Co., Appellees.
No. 4D00-900.
District Court of Appeal of Florida, Fourth District.
October 4, 2000.
*1219 James C. Miller, Lake Worth, pro se.
Judy L. Harrelson, Tallahassee, for Appellee Florida Unemployment Appeals Commission.
HAZOURI, J.
James Miller appeals from a decision by the Unemployment Appeals Commission (UAC) which reversed the decision of the appeals referee that found Miller was entitled to unemployment compensation because he voluntarily left his employment with Range Systems Engineering Support Company (Range Systems) with good cause. We reverse.
The UAC's standard of review of a referee's findings of fact is whether the findings are based on "competent, substantial evidence in the record." Volk v. Florida Unemployment Appeals Comm'n, 673 So.2d 574 (Fla. 4th DCA 1996). The UAC may not reject a referee's findings if they are so supported. See Lowry v. Unemployment Appeals Comm'n, 702 So.2d 645 (Fla. 4th DCA 1997). This is because "[a]s trier of fact, the referee is responsible for weighing and resolving conflicting evidence and judging credibility, having witnessed the demeanor of the parties, is deemed to be in the best position to make these credibility determinations." Grossman v. Jewish Community Ctr. of Greater Fort Lauderdale, Inc., 704 So.2d 714, 716 (Fla. 4th DCA 1998).
Miller worked for Range Systems from June 16, 1997, to May 7, 1999. According to the employment offer, Miller was to work in the Bahamas earning $11.00 per hour. His work schedule was based on a two-week pay period. He would work eight days, then be off six days. The work averaged about forty-eight hours per week over the two-week period. Miller was not paid time and a half for overtime because he was providing services outside of the United States. Miller was also advised that he would be paid a foreign service premium or supplement which would be a 15% bonus per hour on the first forty hours of the two-week pay period. Shortly after Miller arrived in the Bahamas to begin his work, he was informed by Range Systems that it was planning to reduce the 15% foreign service supplement. It was to be reduced to 10% on April 1, 1998, then to 5% on April 1, 1999, and then eliminated entirely one year thereafter. Miller objected to this reduction but he continued working for Range Systems. On March 31, 1998, Miller was given a merit raise from $11.00 per hour to $11.61 per hour. On April 17, 1998, Miller was given a promotion from co-pilot to pilot which involved an increase in Miller's job duties and responsibilities and a raise in pay to $15.00 per hour. On April 1, 1999, the second reduction to 5% for the foreign service supplement occurred as scheduled. As a result of this reduction, Miller submitted his resignation on April 5, 1999.
Miller's subsequent application for unemployment benefits was denied. Miller appealed the rejection of his application and the matter was heard before an appeals referee. After a hearing, the referee found that Miller was entitled to benefits because Miller had good cause to leave his employment. Range Systems appealed the referee's decision to the UAC which adopted the referee's findings but reversed his conclusion that Miller was qualified for benefits.
Good cause for voluntarily quitting are those circumstances which would impel the average, able bodied, qualified worker to give up his or her employment. The applicable standard of reasonableness *1220 for determining the question of good cause is a standard of reasonableness applied to the average man or woman. See Ritenour v. Unemployment Appeals Comm'n, 570 So.2d 1106, 1107 (Fla. 5th DCA 1990). The record clearly shows that Miller was supposed to receive a 15% foreign service premium while employed with Range Systems and Range Systems did not advise him of the subsequent reduction of the foreign service premium until he arrived in the Bahamas. The reduction in his income provided him with good cause to terminate his employment at Range Systems. See LeCroy v. Unemployment Appeals Comm'n, 654 So.2d 1054 (Fla. 1st DCA 1995).
Range Systems argues that although there had been a change in circumstances, i.e., the reduction of the foreign service premium, Miller continued to work under these changed circumstances; therefore, he accepted the change negating a good cause basis for submitting his resignation. This argument was accepted by the Unemployment Appeals Commission which found as a matter of law that there had been an acceptance of the change and, therefore, there was no good cause basis for Miller's resignation. This argument fails to consider that the referee made a factual finding that Miller had not accepted the change but had specifically objected to the reduction in the foreign service premium. Since there was substantial competent evidence to support the appeals referee's decision, we reverse the decision of the UAC with directions to reinstate the decision of the appeals referee.
WARNER, C.J., and GROSS, J., concur.