NORTHCUTT, Judge.
The Unemployment Appeals Commission affirmed an appeals referee’s determination that Carol Jameson was disqualified from collecting unemployment compensation benefits because she voluntarily quit work without good cause attributable to the employer. We reverse.
Jameson’s application for benefits was initially approved. The employer appealed, contending that she had voluntarily resigned because she was embarrassed by her inappropriate behavior at a staff meeting. The record before the appeals referee reflected that Jameson was employed part-time as a bookkeeper at a small accounting firm. She had been working there about sixteen months when her employer held a staff meeting to announce changes in its employment policies. The principal of the accounting firm had taken on a partner four months earlier, since which time the two had made a number of policy changes. In the weeks prior to the meeting Jameson had lost her private office and had suffered an unwelcome increase in her hours from the twenty to twenty-five per week she had originally agreed upon, to thirty-five to forty per week. The firm’s partners also had imposed a new smoking policy that required Jameson to drive off the premises for smoking breaks.
Then, at the staff meeting Jameson learned that she would lose her holiday pay and future vacation benefits. And, whereas employees previously were permitted paid work breaks as needed, henceforth they were limited to two unpaid fifteen-minute breaks per day. Further, the firm no longer would grant cost-of-living raises. Instead, it would pay individual bonuses based on production. During the meeting, Jameson became upset. She turned to the new partner, inappropriately referred to his Jewish heritage, and asserted that he should not be “acting like a Nazi.”
When ruling in favor of the employer, the referee found that “[t]he comment was not received well, and the claimant left the meeting. [The next day] the claimant resigned from her position.” Although this finding was consistent with the employer’s assertion that Jameson resigned because she was embarrassed, it was inaccurate. Rather, the evidence disclosed that the staff meeting ended shortly after Jame-son’s remark and, it being the end of her work day, she left the office. Thereafter, the firm’s partners discussed Jameson’s behavior and decided that if she returned to work the next day they would fire her for insubordination. Instead, the next day they received her resignation.
The referee also found there were conflicts in the testimony as to whether the employer made changes that negatively affected Jameson and, without identifying the conflicts, purported to resolve them in the employer’s favor. This, too, was inac *269 curate. To the contrary, although the employer’s representative explained the reasons for the policy changes mentioned above, it was undisputed that they were made.
 An employee is entitled to unemployment benefits when he leaves his job for good cause attributable to his employer. See § 44S.101(1)(a), Fla. Stat. (2001). “Good cause” is defined as “circumstances which would impel the average, able bodied, qualified worker to give up employment.” Ritenour v. Unemployment Appeals Comm’n, 570 So.2d 1106, 1107 (Fla. 5th DCA 1990). Neither the loss of a private office nor the alteration of smoking privileges would justify characterizing a resignation as one for good cause attributable to the employer. But a reduction or change in hours or salary may qualify as such. Miller v. Fla. Unemployment Appeals Comm’n, 768 So.2d 1218, 1220 (Fla. 4th DCA 2000) (holding that income reduction was good cause to terminate employment). In Platt v. Unemployment Appeals Commission, 618 So.2d 340, 341 (Fla. 2d DCA 1993), an employee who resigned because a schedule change caused him to work excessive hours was held to be eligible for benefits. An increase in the number of days the employee is required to work has been held good cause for him to leave his job, thus entitling him to unemployment compensation. Ferguson v. Unemployment Appeals Comm’n, 734 So.2d 1161 (Fla. 3d DCA 1999).
Here, Jameson’s employer made sweeping changes to the terms of her hire. It substantially altered her hours, her compensation, her benefits and her working conditions, all to her detriment. Although her comment at the staff meeting was inappropriate and insubordinate, nothing in the record suggests that she was embarrassed by her behavior. And, although her employers were rightly offended by Jameson’s remark and would have been justified in firing her, their intention to do so was not communicated to her before she resigned. Thus, the evidence was uncon-tradicted that Jameson resigned because of the mentioned policy changes, and for no other reason.
Reversed and remanded with directions to award Jameson unemployment compensation benefits.
CASANUEVA, J., and DANAHY, PAUL W., Senior Judge, Concur.