HAZOURI, J.
Azucena Velazquez was discharged from her employment with Ganesha Enterprise, Inc., and applied for unemployment compensation as a result. The initial determination was that Velazquez was eligible for benefits because she was discharged for a reason other than misconduct connected with her work. The employer appealed and after a hearing where the parties were present, the appeals referee’s decision found that Velazquez was discharged due to tardiness which was connected to her work and, therefore, she was ineligible to receive unemployment compensation. Velazquez appealed that decision to the Unemployment Appeals Commission which affirmed the appeals referee’s decision. We affirm the Unemployment Appeals Commission.
This case is primarily a factual dispute where the employer asserted that the employee was fired due to her frequent tardiness and the employee claims she was late only twice. The appeals referee is responsible for weighing and resolving conflicting evidence and making credibility determinations. See Miller v. Florida Unemployment Appeals Comm’n, 768 So.2d 1218, 1219 (Fla. 4th DCA 2000).. The commission is required to affirm the factual findings if they are supported by substantial competent evidence. Id. The appeals referee in the instant case noted the conflicting testimony in the findings. The fact that there is evidence in the record to support the opposite decision by the appeals referee does not require the commission to reweigh such evidence. See Sharp v. Unemployment Appeals Comm’n, 766 So.2d 444, 445 (Fla. 4th DCA 2000). In the instant case, Velazquez claimed she was only late twice while the employer testified that she was late numerous times even after being given a verbal warning. The appeals referee found the employer more credible.
Velazquez’s tardiness falls within the statutory definition of misconduct as outlined in section 443.036(29), Florida Statutes (2004). Section 443.036(29) defines misconduct to include the following:
(a) Conduct demonstrating willful or wanton disregard of an employer’s interests and found to be a deliberate violation or disregard of the standards of behavior which the employer has a right to expect of his or her employee; or
(b) Carelessness or negligence to a degree or recurrence that manifests culpability, wrongful intent, or evil design or shows an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his or her employer.
Excessive tardiness falls within this definition. See Martinson v. Breit’s Tower Serv., Inc., 680 So.2d 599, 600 (Fla. 3d DCA 1996). Just as in Martinson, Velazquez repeatedly failed to report on *1006 time, was given a warning, and then continued to be late. A similar result was reached in Sumlar v. Intermodal Services, Inc., 429 So.2d 364 (Fla. 1st DCA 1983). In Sumlar, the first district affirmed the conclusion reached by the appeals referee that the employee’s excessive tardiness showed a disregard for the employer’s interest. Id. There is no dispute between the parties as to the impact Velazquez’s tardiness had on the employer, but as the first district discussed in Mason v. Load King Manufacturing Co., 715 So.2d 279, 281 (Fla. 1st DCA 1998), all the employer must do is present evidence of the unexcused absences, or in this case, excessive tardiness, and the harm is presumed by the number of times the conduct occurred. The employee is given a chance to rebut this presumption, but in the instant case Velazquez denied the allegations and did not argue her tardiness did not harm the employer. See id. Velazquez’s tardiness, which continued after she was warned and was told what the consequences would be if such conduct continued, demonstrates a willful disregard for the employer’s interests. Therefore, the appeals referee properly found and the commission properly affirmed the decision to deny Velazquez benefits on this basis.

Affirmed.

STEVENSON, C.J., and WARNER, J., concur.