LAGOA, Judge.
Rosy De La Torre (“Torre”) appeals an order of the Unemployment Appeals Commission (“Commission”) affirming an unemployment compensation appeals referee’s decision, which disqualified Torre from receiving unemployment benefits and found that Torre had received benefits for which she was not entitled. We affirm.
On November 4, 2003, appellee, New Century Mortgage Corporation (“New Century”), a mortgage lender, employed Torre as an account manager. Over the course of her employment, New Century became concerned about Torre’s tardiness. On March 28, 2005, New Century gave Torre a verbal warning explaining that her job would be in jeopardy if she did not improve her attendance pattern. New Century also agreed to allow Torre to change her schedule by 30 minutes so she could arrive at 9:00 a.m. instead of 8:30 a.m. A second warning was given on June 1, 2005. On July 6, 2005, Torre was discharged for excessive tardiness.
Torre applied for unemployment benefits. The initial determination was that Torre was eligible for benefits because she was discharged for a reason other than misconduct connected with her work. New Century appealed and, after a hearing where the parties were present and testimony was presented, the appeals referee found that Torre was discharged due to excessive tardiness and therefore unable to receive unemployment compensation.
An appeals referee’s findings will not be overturned unless they are not supported by competent, substantial evidence in the record. See Garcia v. Fla. Unemployment Appeals Comm’n, 872 So.2d 966, 969 (Fla. 3d DCA 2004). We affirm as we conclude that the referee’s findings are supported by competent, substantial evidence in the record.
Torre challenges the appeals referee’s conclusions that her discharge was due to misconduct within the meaning of the unemployment compensation statute. Misconduct is defined in Section 443.036(29), Florida Statutes (2005), as follows:
(29) “Misconduct” includes, but is not limited to, the following, which may not be construed in pari materia with each other:
(a) Conduct demonstrating willful or wanton disregard of an employer’s interests and found to be a deliberate violation or disregard of the standards of behavior which the employer has a right to expect of his or her employee; or
(b) Carelessness or negligence to a degree or recurrence that manifests culpability, wrongful intent, or evil design or shows an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his or her employer.
The law is clear that excessive tardiness falls within this definition. See Mason v. Load King Mfg. Co., 758 So.2d 649 (Fla.2000)(excessive tardiness and absenteeism are grounds for denial of unemploy *1266 ment benefits); McCarty v. Fla. Unemployment Appeals Comm’n, 930 So.2d 846 (Fla. 3d DCA 2006); Martinson v. Breit’s Tower Serv. Inc., 680 So.2d 599, 600 (Fla. 3d DCA 1996).
Torre further challenges the appeals referee’s findings that she was excessively tardy. The credibility of a witness and the weight to be given to the evidence presented lies within the sound discretion of the fact finder — in this case the appeals referee. See Boucicaut v. Fla. Unemployment Appeals, 929 So.2d 619 (Fla. 3d DCA 2006). In his written decision, the appeals referee noted that conflicting testimony was presented but found the testimony of the employer to be more credible. The appeals referee did not abuse his discretion in making this finding.
Accordingly, we affirm the Unemployment Appeals Commission’s order denying benefits.
Affirmed.