PER CURIAM.
Angela Roberson appeals a final order of the Unemployment Appeals Commission (“Commission”) deeming her ineligible for unemployment compensation. The order affirms an appeals referee’s determination that Ms. Roberson’s employer discharged her for misconduct connected with work, specifically, excessive unauthorized tardiness.
The record on appeal contains competent, substantial evidence to support the referee’s finding. See Grell v. Florida Unemployment Appeals Comm’n, 44 So.3d 201, 204 (Fla. 1st DCA 2010) (appeals referee’s factual findings must be supported by competent, substantial evidence). Ms. Roberson argues that the referee erred in finding her tardiness unauthorized because the employer permitted her to make up the time. We have reviewed all the hearing testimony and all documents entered into evidence, and we find nothing in the record sustaining Ms. Roberson’s argument. She testified she interpreted being allowed to make up the time to mean the tardiness was excused. But she also testified neither her supervisor nor her branch manager ever told her she was excused, and she presented no written communication from the employer to that effect or any company policy stating tardiness could be excused by making up the lost time.
Section 443.036(29), Florida Statutes (2009), defines misconduct sufficient to disqualify someone unemployment benefits.
(29) “Misconduct” includes, but is not limited to, the following, which may not be construed in pari materia with each other:
(a) Conduct demonstrating willful or wanton disregard of an employer’s inter *1218 ests and found to be a deliberate violation or disregard of the standards of behavior which the employer has a right to expect of his or her employee; or
(b) Carelessness or negligence to a degree or recurrence that manifests culpability, wrongful intent, or evil design or shows an intentional and substantial disregard of the employer’s interests or of the employee’s duties or obligations to his or her employer.
Because the record supports the referee’s findings, and because excessive unauthorized tardiness falls within the definition of misconduct connected with work, see e.g., Velazquez v. Unemployment Appeals Commission, 916 So.2d 1004, 1005 (Fla. 4th DCA 2006), Sumlar v. Intermodal Services, Inc., 429 So.2d 364 (Fla. 1st DCA 1983), we affirm the Commission’s final order.
AFFIRMED.
WEBSTER, ROWE, and MARSTILLER, JJ., concur.